UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID W.,[1]

          Plaintiff,

     v.                                                                 23-CV-674-LJV
                                                                              DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

_____

On July 11, 2023, the plaintiff, David W. ("David"), brought this action under the Social Security Act ("the Act"). Docket Item 1. He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2] *Id.* On October 10, 2023, David moved for judgment on the pleadings, Docket Item 4; on November 6, 2023, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 5; and on November 20, 2023, David replied, Docket Item 6.

For the reasons that follow, this Court grants David's motion in part and denies the Commissioner's cross motion.[3]

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] David applied for Supplemental Security Income ("SSI"), which is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a).

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

**<u>STANDARD OF REVIEW</u>**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*.  This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citation modified) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation modified) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability

determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I.   THE ALJ'S DECISION

On December 9, 2022, the ALJ found that David had not been under a disability since March 4, 2021, the date his application was filed. *See* Docket Item 3 at 31. The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a). *See id.* at 24–25.

At step one, the ALJ found that David had not engaged in substantial gainful activity since March 4, 2021. *Id.* at 25. At step two, the ALJ found that David suffered from one medically determinable impairment: "Type 1 Arnold-Chiari malformation." *Id.* The ALJ found, however, that David's impairment did not significantly limit his ability to perform basic work-related activities and was non-severe. *Id.* at 30. The ALJ therefore found that David had not been under a disability since the date his application was filed and did not proceed beyond step two. *See id.* at 31.

### II.   ALLEGATIONS

David argues that the Appeals Council erred by rejecting the opinion and treatment notes of Kalpana Patel, M.D., and declining to review David's claim. Docket Item 4-1 at 7–11. This Court agrees that the Appeals Council erred and, because that error was to David's prejudice, remands the matter to the Commissioner.

### III.    ANALYSIS

The regulations require the Appeals Council to review a denial of benefits if the Appeals Council receives additional evidence that: (1) is new; (2) is material; and (3) relates to the period on or before the date of the ALJ's decision.  *See Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) (citing 20 C.F.R. § 404.970(b)).  Evidence is "new" if it did not exist at the time of the ALJ's decision and is not merely cumulative of other evidence in the record.  *See Webster v. Colvin*, 215 F. Supp. 3d 237, 242 (W.D.N.Y. 2016).  Evidence is "material" if it further clarifies the "severity and continuity of [the claimant's preexisting] impairments," *Gold v. Sec'y of Health, Educ. and Welfare*, 463 F.2d 38, 41–42 (2d Cir. 1972), and there is "a reasonable probability that the new evidence would have influenced the [ALJ] to decide [the] claimant's application differently," *Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (citation modified).  Such evidence also would relate to the period on or before the date of the ALJ's decision.  *See Knight v. Astrue*, 2011 WL 4073603, at *12 (E.D.N.Y. Sept. 13, 2011) ("As long as the evidence relates back to the period for which disability benefits were denied, the evidence is considered to be material.").

"[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision."  *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996).  And if a reviewing court determines that "the Appeals Council [has] fail[ed] to fulfill its obligations under [section 416.1470(b)], the proper course for the reviewing court is to remand for reconsideration in light of the new evidence."  *Wilbon v. Colvin*, 2016 WL 5402702, at *5 (W.D.N.Y. Sept. 28, 2016).

4

Here, David submitted Dr. Patel's opinion dated January 24, 2023, and supporting treatment notes to the Appeals Council. *See* Docket Item 3 at 61–299. The Appeals Council rejected David's newly submitted evidence and declined to review his claim. *See id.* at 6–12. That did not comport with the obligations of the Appeals Council and was error.

To begin, Dr. Patel's opinion certainly was "new": He issued the opinion on January 24, 2023—more than a month after the ALJ's decision on December 9, 2022. *See* Docket Item 3 at 31, 68; *see also Webster*, 215 F. Supp. 3d at 242 ("Here, the post-hearing evidence was clearly "new" because it did not exist until after the ALJ's decision."); *Lovell v. Saul*, 414 F. Supp. 3d 398, 403 (W.D.N.Y. 2019) ("[The p]laintiff's favorable disability determination was decided on December 14, 2016, after the February 11, 2016[,] determination. It was not in existence at the time [the p]laintiff's prior disability claim was decided.").

Dr. Patel's opinion also included information that was not merely cumulative of evidence in the record. *See Hollinsworth v. Colvin*, 2016 WL 5844298, at *3 (W.D.N.Y. Oct. 6, 2016). For example, in determining the severity of David's fibromyalgia, the ALJ noted that Barbara Harvey, M.D., was "the only doctor who listed a diagnosis of fibromyalgia," and that "Dr. Harvey's treatment records do not show positive findings on examination or [any other] medical signs sufficient to establish a medically determinable impairment." Docket Item 3 at 28. The ALJ also noted that "considering occasional references to [David's] appointments with Dr. Harvey being over the phone and the geographical distance between them, there is even a question as to whether Dr. Harvey had ever performed a physical examination of [David]." *Id.* But Dr. Patel's opinion also

5

diagnosed David with fibromyalgia and, perhaps unlike Dr. Harvey's opinion, included the results of multiple in-person examinations. *See e.g.*, *id.* at 64–68 (noting "7-8 visits"), 97–125. Moreover, the opinion submitted to the Appeals Council was the only opinion that Dr. Patel completed on David's behalf. *See Id.* at 62–299. So Dr. Patel's opinion added to the record in a way that may have made a meaningful difference and, therefore, was not merely cumulative.

Dr. Patel's opinion also was "material" as it addressed the nature and severity of David's impairments. *See Gold*, 463 F.2d at 41–42. For example, Dr. Patel diagnosed David with chronic fatigue, muscle weakness, adrenal insufficiency, and fibromyalgia— conditions that the ALJ considered in his decision. *See* Docket Item 3 at 26–29, 64. Dr. Patel found that David had marked limitations in, among other things, sitting, standing, and lifting. *Id.* at 64. And Dr. Patel provided clinical findings and objective bases to support his opinion—for example, explaining that David presented with fever, muscle weakness, and poor cognition, and noting lab results that indicated deficiencies in various areas. *Id.*

All that conflicts directly with the ALJ's finding that there was "a lack of objective evidence to support [David's] allegedly disabling impairments." *Id.* at 26; *See Barbara W. v. Comm'r of Soc. Sec.*, 541 F. Supp. 3d 296, 303 (W.D.N.Y. 2021) ("In sum, the new evidence presented by [the p]laintiff at the very least suggests that, during the relevant time period, her condition was more serious than previously thought." (citation modified)). And it supported the findings of Dr. Harvey who had been, but no longer was, "the only doctor who listed a diagnosis of fibromyalgia." *Compare* Docket item 3 at 28 (ALJ's decision), *with id.* at 64 (Dr. Patel's opinion). So based on Dr. Patel's new

6

information, the ALJ may well have concluded that David's impairments were medically determinable and severe, and that they warranted continuing the five-step sequential evaluation process.

And that is especially so because the bar to clear at step two is quite low: "[T]he standard for a finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest case." *See McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)). In finding that David had not cleared even that very low bar and therefore ending the analysis at step two, the ALJ noted that "there [wa]s very limited evidence in the record with which to evaluate [David's] claim." Docket Item 3 at 26. So the addition of Dr. Patel's opinion may very well have made a significant difference.

The Commissioner argues that Dr. Patel's opinion was not material because it "generally tracked the evidence from Dr. Harvey that had been considered"—and discounted—by the ALJ. Docket Item 5-1 at 12. But as noted above, one of the reasons that the ALJ discounted Dr. Harvey's opinion was that it was the only one diagnosing fibromyalgia. *See* Docket Item 3 at 28. Indeed, the ALJ explicitly noted that Dr. Harvey's opinions cited "insufficient findings," "fail[ed] to identify any positive objective findings, much less medical signs," and "[we]re inconsistent with the evidence in the record as a whole." *See id.* at 29. Dr. Patel's opinion added positive objective findings and signs, *see id.* at 124 (finding joint tenderness, muscle weakness, and decreased grip strength), and provided at least some consistency that the ALJ found missing, *see id.* at 64. Without a doubt, then, Dr. Patel's opinion may well have made a difference in the ALJ's analysis—if not tipped the balance. Therefore, there is at least a

7

reasonable probability that Dr. Patel's new opinion would have influenced the ALJ's decision. *See Lisa v. Sec'y of Health & Human Servs.*, 940 F.3d 40, 43 (2d Cir. 1991).[4]

Finally, Dr. Patel's opinion related to the period at issue. David began treatment with Dr. Patel on October 26, 2022, and his treatment continued through January 16, 2023. *See* Docket Item 3 at 64. As noted above, the ALJ issued his decision during that period of treatment—on December 9, 2022. *Id.* at 31. Moreover, Dr. Patel indicated that David's impairments lasted for or could be expected to last for at least twelve months. *Id.* So at the very least, Dr. Patel's opinion might "clarif[y] a pre-hearing disability and suggest[] that [David's] condition was more serious than previously thought during the relevant time period." *Poler v. Comm'r of Soc. Sec.*, 2020 WL 1861920, at *6 (W.D.N.Y. Apr. 14, 2020).

In sum, Dr. Patel's opinion was new, material, and related to the period at issue. *See Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009). Nevertheless, for some reason that this Court cannot understand, the Appeals Council refused to consider it. Therefore, remand is required so that the ALJ can address Dr. Patel's opinion in his decision. *See id.* at 18–19 ("On remand, [the claimant] is entitled to express consideration of [the new] opinions, a statement of the weight given to these opinions, and good reasons for the ALJ's decision.").

---

[4] The Commissioner also says that "the fact that both Dr. Patel and Dr. Harvey identified extreme and disabling limitations 'does not entitle either of [their opinions] to greater weight[, and] their consistency with each other does not equate to consistency with the overall medical treatment notes or the other well-supported medical opinions.'" Docket Item 5-1 at 15 (quoting *Tamara M. v. Saul*, 2021 WL 1198359, at *10 (N.D.N.Y. Mar. 30, 2021)). That may well be true. But that determination is for the ALJ—not this Court—to make. *See Teena H. o/b/o N.I.K. v. Comm'r of Soc. Sec.*, 521 F. Supp. 3d 287, 292 (W.D.N.Y. 2021) ("It is not the function of this Court to re-weigh evidence or consider *de novo* whether [a claimant] is disabled.").

**CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 5, is DENIED, and David's motion for judgment on the pleadings, Docket Item 4, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:       April 6, 2026
             Buffalo, New York

                                        /s/ Lawrence J. Vilardo
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE